(No. 2523—

DORA V. JAHNKE, ADMRX. OF THE ESTATE OF FRIEBERT F. JAHNKE, DECD. AND DORA V. JAHNKE, IN HER OWN RIGHT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 30, 1935.*

F. A. ORTMAN AND STEVENS & HERNDON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award individually and/or as Administratrix of the Estate of Friebert F. Jahnke, deceased, for the sum of Ten Thousand Dollars ($10,000.00).

It appears that Friebert F. Jahnke, was, on October 23, 1933 and for about eleven years prior thereto, employed as a guard at the Illinois State Reformatory at Pontiac; that on said date while attempting to apprehend an escaped inmate on U. S. Route 66 he was struck by an automobile driven by one John C. Danforth and received injuries from which he died. Other employees and officers of the reformatory were present at the time of the accident and the State had immediate knowledge and notice thereof. Deceased left surviving him Dora V. Jahnke, his widow; and Harry J. Jahnke, his son; and Velma M. Jahnke, his daughter, both of legal age. The widow has been appointed administratrix and files her claim under the provisions of the Workmen's Compen-

sation Act. The claim properly comes within the terms and provisions of that Act, and under the evidence in the record, plaintiff is entitled to an award as the surviving widow of the injured employee. A suit for damages was unsuccessfully prosecuted against the driver of the automobile which struck the deceased and no question of subrogation at this time exists.

The earnings of the deceased employee for the year preceding his death were One Thousand One Hundred Eightyeight Dollars ($1,188.00). Under Section 7-A of the Workmen's Compensation Act the award should be a sum equal to four times the average annual earnings of the employee but not less than Two Thousand Five Hundred Dollars ($2,500.00) nor more than Four Thousand Dollars ($4,000.00). The only issue raised by respondent is upon the question of whether a claim for compensation was made within six months after the accident. The record discloses that four days after the death of Friebert F. Jahnke, plaintiff and her son inquired of the assistant superintendent of the reformatory whether the State would pay compensation for the death of Mr. Jahnke and they were told by him that he thought it would—"That the State would take care of it." Later Captain Davenport, an official of the Institution, called plaintiff and assured her that he thought the State would take care of her claim. Captain Davenport testified that he reported to his superior officer, Mr. Twiford, that Mrs. Jahnke had requested compensation for her husband's death. We are of the opinion that the record discloses sufficient evidence as to a claim for compensation within the six months to comply with the requirements of the Act. The courts have held that notice of the accident given to the immediate superior of the injured employee is sufficient. We believe the notice of the claim given in this instance is also sufficient.

As no adequate provision exists by which such award can be made in monthly payments, same will be commuted under the rules of the Compensation Act. As computed under such commutation the amount of $3,855.74 is due as a lump sum award.

An award is therefore made in the sum of $3,855.74.